36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John T. RICHARDSON, Plaintiff-Appellant,
v.
STATE OF UTAH, the Fourth Circuit Court, L.W. Davis, George
E. Ballif, Federal Reserve Bank of San Francisco, Board of
Governors of the Federal Reserve System, the City of Provo,
a Municipal Corporation; Gordon R. Hall, Defendants-Appellees.
 No. 94-4020.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John T. Richardson (Richardson), appearing pro se, appeals from the district court's Order dismissing with prejudice his claims against the Federal Reserve Bank of San Francisco and the Board of Governors of the Federal Reserve System. Richardson sought damages for alleged constitutional and statutory violations in issuing federal reserve notes. He also sought declaratory judgment to direct the defendants to redeem all outstanding federal reserve notes in gold and silver coin.
 
 
 3
 Richardson filed this civil rights action under 42 U.S.C.1983 and 18 U.S.C.1964, after unsuccessfully challenging a traffic citation he was issued in Provo, Utah. Richardson's challenge to the traffic fine of $40, which presented challenges similar to those raised in his civil rights action, was rejected by the Circuit Court of Utah County. Richardson originally filed his civil rights action in the Fourth Judicial District Court of Utah County but the action was thereafter removed to the United States District Court for the District of Utah.
 
 
 4
 In his civil rights action, Richardson challenged the legality of federal reserve notes alleging that such notes are contrary to the United States Constitution Art. I 10 and that Congress is not authorized to establish the value of coins not based upon a fixed ratio between the value of gold or silver.
 
 
 5
 In its order denying Richardson's motion to proceed in forma pauperis, the district court stated that it had dismissed "plaintiff's claims on the grounds that defendants are immune from suit, and on the grounds that federal reserve notes have long been recognized by the courts as constitutionally valid tender." (R., Vol. I, Tab 23, p. 2).
 
 I.
 
 6
 In this appeal, Richardson requested in forma pauperis status. His request was denied by the district court based on the court's finding that this was a frivolous appeal. We agree with the district court's finding of frivolity but grant Richardson's application to proceeding in forma pauperis in order to reach the merits of his appeal.
 
 II.
 
 7
 Richardson alleges that federal reserve notes are not legal tender and that Congress does not have the power to establish a national currency or to make that currency legal tender.
 
 
 8
 We disagree. It is well established that the aggregate powers granted to Congress by the Constitution include broad and comprehensive authority over revenue, finance, and currency. Norman v. B. & O. R. Co., 294 U.S. 240, 55 S.Ct. 407 (1934). Specifically, Article I, 8 of the Constitution empowers Congress "[t]o coin Money, regulate the Value thereof, and of foreign coins, and fix the Standard of Weights and Measures." U.S. Const. art. I 8.
 
 
 9
 In the exercise of that power Congress has declared that federal reserve notes are legal tender. Title 31 U.S.C. 5103 states:
 
 
 10
 United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.
 
 
 11
 The Supreme Court has upheld congressional power to declare federal reserve notes to be legal tender in satisfaction of debts. See Legal Tender Cases, Knox v. Lee, 79 U.S. 457 (1871); Juilliard v. Greenman, 110 U.S. 421, 4 S.Ct. 122 (1884).
 
 
 12
 In sum, Richardson's position is contrary to the monetary provisions of the Constitution which are set forth in Article I, 8. These provisions plainly empower Congress to deal with all monetary problems and to declare what constitutes legal tender. His argument is also in conflict with the Acts of Congress which establish money policies as well as rulings of the Supreme Court on this subject.
 
 
 13
 Therefore, we affirm the district court's Order of Dismissal dated December 16, 1993.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470